IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MCMAHON,

                                         CIVIL ACTION

     v.

                                         NO. 12-6334

GERARD MCGLONE, et al.

**PLAINTIFF'S OPPOSITION RESPONSE TO THE DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT UNDER FED. CIV. PROC. RULE 12(B)(6)**

**COMES NOW** the Plaintiff, Michael McMahon, ("hereafter Plaintiff") though counsel,

Brian M. Puricelli, and presents his opposition response to the Defendants' Motion to Dismiss. In

support of Plaintiff's opposition response he states:

PROCEDURAL POSTURE

      Before the Court is a section 1983 action that principally asserts a retaliatory termination

as the Malvern Borough police chief for protected free speech activity under the First

Amendment; there is asserted a state action too for wrongful termination under the recognized

public policy exception to the at-will doctrine. Service on all Defendants of the complaint and

summons is perfected. The Defendants present a motion to dismiss the entire complaint. From

the argument by the Defendants in their supporting memorandum it appears to the Plaintiff that

filing an Amended Complaint seemingly would not cure any challenge that the Defendants make

to the action, so Plaintiff does not file an Amended Complaint. However, should the Court view

that an amendment might cure any defect found then the Plaintiff respectfully request leave to

file an amended complaint.

FACTS

This is a complaint against Malvern Borough and individual Defendants concerning their acts and omissions violating McMahon's civil rights under 42 U.S.C. 1983, 1st Amendment, the 14th Amendment, Article I of the Pennsylvania Constitution, the Pennsylvania Whistle Blower Statute, the Pennsylvania Workers' Compensation Act, and Pennsylvania Tort law for Wrongful Termination, Intentional Infliction of Emotional Distress, and Conspiracy, occurring from approximately 2011 to the present.

Plaintiff is a retired seasoned Philadelphia Police Officer who was hired by Malvern Borough to be its police chief. Plaintiff was employment eleven years with Malvern Borough before being discharged and there was no performance issue or economic matters raised by Malvern Borough, which related to the Plaintiff, prior to the Plaintiff making a report of continual ongoing misconduct by a Malvern Police supervisor to outside law enforcement. Malvern Borough officials when they voted to terminate the Plaintiff were aware of the Plaintiff's report to the outside law enforcement agency, because the Plaintiff kept the Defendants informed of the report to the outside law enforcement agency and too of the misconduct and appearance in court to testify on the police misconduct prosecution by the outside law enforcement; they too were aware when they discharged the Plaintiff of his claim for workers compensation benefits and his demand that the Borough comply with the Workers Compensation Law.

It is pled and is not the official duty of the Plaintiff as Malvern's police chief to report corruption to the outside law enforcement agency and appear in court to aid a prosecution of an outside law enforcement agency for police corruption. In addition, Plaintiff while working sustained a work injury, and Plaintiff filed for Workers Compensation Act benefits, which Act

provide statutory benefits under Pennsylvania law to employees injured while working. The Plaintiff was terminated as police chief a mere seven days following Plaintiff's demand for compliance by Malvern Borough of the Workers Compensation law. The termination also came after Plaintiff cooperation with outside law enforcement by appearing in court for trial to provide truthful testimony on the report of police misconduct and corruption to outside law enforcement.

The Plaintiff's termination is the direct, proximate result of the Defendants' under color of state law intentional action to deprive the Plaintiff of his federal rights, and the termination is the legal cause for his damages, such as lost wages and extreme emotional distress; thus, Plaintiff seeks compensatory economic and consequential damages.

These are the basic facts for the claims.

STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim . . . that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" Miles v. Twp. of Barnegat, 343 F. App'x 841, 844 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Rather, plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "the facts alleged [in the complaint] must be taken as true and a complaint may not be

dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). While a court must draw all reasonable inferences in favor of the plaintiff, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Additionally, the "presumption of truth" does not apply "to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Miles, 343 F. App'x at 845 (quoting Iqbal, 129 S. Ct. at 1949).

Regarding defendants' allegation concerning the Third Circuit's heightened pleading standard, the United States Supreme Court struck down the more stringent pleading standard previously applied in section 1983 cases by the Fifth Circuit. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517, 522 (1993). And, although *Leatherman* involved a heightened pleading standard in the context of section 1983 claims against municipalities, the Third Circuit has applied *Leatherman*'s reasoning in different contexts. The Third Circuit has stated that "such impatience with notice pleading embodied in the Federal Rules is foreclosed by the Supreme Court's decision in *Leatherman*". *Brader v. Allegheny General Hospital*, 64 F.3d 869, 876-877 (3d Cir. 1995).

A complaint is sufficient if it satisfies Rule 8 of the Federal Rules of Civil Procedure because "no more is required of a plaintiff in § 1983 cases". *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998). Accordingly, federal courts  do not apply a heightened pleading standard when review a complaint for pliability and sufficiency to state a claim for relief.

ARGUMENT

OFFICIAL AND INDIVIDUAL LIABILITY CLAIMS

A. <u>Individual Liability</u>

The Defendants argue that the complaint is insufficient with factual detail to show the individual defendants' actions and thus allow for Section 1983 liability. The Defendants are incorrect and apparently wish more specific facts in the complaint; however, the Defendants do not bring the requisite motion under Rule 12(e) for more specific pleading. That noted, the Plaintiff submits a cursory reading of the Complaint reveals sufficiently the Defendants action that allow for liability under Section 1983 and a wrongful termination claim. Further, the facts which are pled are pled in a short concise manner, they are taken as true, and the Court gives every reasonable inference that can be drawn from the facts. Under this standard the complaint show there is pled a plausible section 1983 action against the individual defendants.

Here, the Defendants used their official action as council persons to vote for Plaintiff's dismissal. The dismissal vote was a mere 7 day after Plaintiff engaged in lawful protected activity under Pennsylvania law. The vote too came in proximity to the time after Plaintiff appeared in court to testify on a matter involving a Malvern Borough police supervisor  who was engaged in corruption by demanding police arrest reports be fabricated to show an accused being engaged in conduct that accused was not so engaged. The Defendants' vote was with knowledge of the Plaintiff's appearance in court and his demand for compliance with the Workers Compensation law. These facts are sufficient support a wrongful termination claim and a section 1983 claim for free speech retaliation under the First Amendment.

If so, the complaint has sufficient facts to show the action of the individual defendants and allow for liability, viz the Defendants by their act to "vote" to dismiss the Plaintiff. The vote

is what has caused the damages and the vote is an action by each of the named individual defendant. Accordingly, since there is no magic number of acts that must exits or be pled to show liability; Plaintiff submits that this one act is sufficient to show liability, particularly when the one act is the act that causes the damage and civil right deprivation.

Further, the argument of the Defendants is one more appropriately made to bring a Rule 12(e) motion, for more definite statement. The Defendants, however, do not raise such a motion; thus they waive the issue. Plaintiff submits too that the defendants rightfully do not raise a 12 (e) motion because the complaint meets the Rule 8 pleading standard, for the complaint. The Complaint is sufficient because the complaint is pled in a short and concise manner and contains adequate facts to allow the defendants to know why they are sued; to answer the complaint (if only with general denials if proper) and to raise defenses. Indeed, the Defendants do not even argue they cannot answer the complaint or raise defense.

Therefore, because heightened pleading is not required for a Section 1983 action, Leatherman,  Brader & Abbott cases, supra., and because the Complaint meets the standard for Rule 8, viz there is sufficient fact pled to provide notice of the acts done by the defendants for liability to be imposed, the Plaintiff submits the motion to dismiss the claims against the individual defendants must be denied.

B. Official Liability

It is agreed that when the Municipality is named as a defendant that official liability imposed on individual defendants is not necessary but duplicative. In the event the Borough itself is dismissed, however, official liability is proper. As such, should the Court hold the Borough in as a defendant, then the Plaintiff agrees that official liability for the individual defendants may be dismissed; otherwise, official liability should remain because each individual

defendant is an official of the municipal defendant and acted equally with individual intent and "official intent when they "voted" to dismiss the Plaintiff for lawful activities and activities protected by law.

PENNSYLVANIA CONSTITUTION, ARTICLE I,  CLAIM

The Defendants next argue that there is no private cause of action under the Commonwealth of Pennsylvania's  Constitution "**for monetary damages**" so Plaintiff's  Article I of the Pennsylvania Constitution claim should be dismissed. Plaintiff disagrees.

First, the Defendants rightfully do not dispute the Plaintiff's claim under the Pennsylvania Constitution can be brought; that is because claims can be brought for equitable relief. See Jones v. Philadelphia, 890 A.2d 1188, 1208 n.33 (Pa. Cmwlth. 2006)(citing Christie v. Borough of Folcroft, 2005 WL 2396762 *13 (E.D. Pa. Sept. 27, 2005) and recognizing that Harley v, Schuykill County, 476 F.Supp. 191, 195-96 (E.D. Pa. 1979) relied on an equitable relief case to allow suit to go forward)). Harley v. Schuylkill County, 476 F.Supp. 191. 195-96 (E.D. Pa. 1979) cited Erdman v. Mitchell, 56 A. 327 (Pa. 1903)).  Here, Plaintiff seeks the equitable relief of reinstatement; ergo, Plaintiff's direct claim under the Pennsylvania Constitution survives and may proceed to trial.

Further, as noted above, the Defendants' effort to dismiss the Pennsylvania Constitutional is carefully limited by and with an argument to dismissal that no claim for "**monetary**" damage may be brought directly under the Pennsylvania Constitution  (See Defendants' brief @ page 6). Plaintiff again disagrees with the Defendants.

In *Hatchard v. Westinghouse Broadcasting*, 516 Pa. 184, 532 A.2d 346 (1987), the Pennsylvania Supreme Court had occasion to consider the level of protection the Pennsylvania

Constitution accords the right to defend one's reputation in the context of a defamation suit.[1] The *Hatchard* Court recognized the special value placed upon an individual's reputation by the Pennsylvania Constitution and stated that the Pennsylvania Constitution establishes reputation as a fundamental right in the same class with life, liberty and property, which cannot be abridged by government without compliance with state constitutional standards of due process and equal protection.[2] Consequently, in 1992 the Commonwealth Court in <u>Pennsylvania Bar Ass'n v. Commonwealth</u>, 147 Pa. Commw. 351, 607 A.2d 850; 1992 Pa. Commw. LEXIS 314 (Cmwlth Ct 1992) said, "we conclude that reputation is a fundamental right under the Pennsylvania Constitution, and it is entitled to the protection of procedural due process even in the absence of a more "tangible" right." As is pointedly obvious, in the Commonwealth of Pennsylvania monetary damages can be recovered for a harm to reputation. Ergo, money damages may be recovered under a direct state constitutional action.

---

[1] <u>Article 1, Section 1 of the Pennsylvania Constitution</u> provides, in relevant part, "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property and reputation, and of pursuing their own happiness."

In the PBI case the Commonwealth contend that reputation should not be accorded the same level of protection as other rights that are classified as fundamental, and it urged the Court to be guided by *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), in rendering its decision. The Court declined such and distinguished *Paul* because the state constitution being examined was a Kentucky constitution where the Supreme Court stated that a threat to reputation, when not combined with a threat to some other "more tangible" interest, does not invoke the procedural protections of the Due Process Clause of the United States Constitution. *Paul*, 424 U.S. at 701, 96 S.Ct. at 1160. Thus, in Pennsylvania reputation is a fundamental right under the State's constitution.

[2] The Pennsylvania Supreme Court has already recognized that the existence of government records containing information that might subject a party to negative stigmatization is a "threat" to that party's reputation. *Wolfe v. Beal*, 477 Pa. 477, 480, 384 A.2d 1187, 1189 (1978). [PBI @ 359]

More to the point though, and contrary to the Defendants' authority, courts as recent as 2005 in this District and Middle District have held there is a right to monetary relief from a claim brought under the Commonwealth of Pennsylvania's Constitution. For example, <u>Jespersen</u>, Infra., holding that monetary relief can be awarded under Third Circuit dicta. <u>Jespersen</u> is a 2006 decision  See, also <u>Gremo v. Karlin</u>, 363 F.Supp.2d 771, 794 (E.D. Pa. 2005), <u>Mulgrew v. Fumo</u>, 2004 U.S. Dist. LEXIS 14654 *6 (E.D. Pa. July 29, 2004). Thus, the law does not strictly hold that a direct claim under the Pennsylvania Constitution for monetary relief is precluded.

Now, the Defendants rely on the <u>Jones</u> and <u>Klump</u>[3] decisions to seek dismissal of the State Constitutional claims.  As noted above,  <u>Jones v. City of Philadelphia</u>, 890 A.2d 1188, 1208 n. 33 (Pa. Cmwlth. 2006) recognizes the propriety of a suit requesting equitable relief under Section 1 and the Court allowed the suit to go forward. <u>Jones</u> was an excessive force case and the Court limited its holding to the facts of that case. The Court said: "in this case, there is no separate cause of action for monetary damages for the use of excessive force in violation of <u>Article I, Section 8 of the Pennsylvania Constitution.</u>" The Court did not hold that there was no claim that could ever be brought under the state constitution for monetary relief. As such, <u>Jones</u> is not controlling to the issue before this Court.

Furthermore, whether <u>Jones</u> even applies is questionable too for the case has been disregarded recently by courts within the federal court system of Pennsylvania. For example, not

---

[3] Klump is in opposition with *Jaspersen* and *Aquino*. Nevertheless, Klump does not apply because the defendants argue there is no Sec. 1983 claim to pursue. In Klump the state constitutional claim was disallowed because a Section 1983 claim existed to purse. The Court said: "the Commonwealth Court of Pennsylvania declined to create a cause of action for monetary damages for violation of the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa.Commw. 2006). The Commonwealth Court based its decision, in part, on the fact that the plaintiff in that case would have an alternative remedy under <u>section 1983</u>." If so, the Defendants cannot have their cake and eat to; if there is no Section 1983 there can be a State Constitutional claim. Ergo, at this juncture, the Defendants' challenge to the Plaintiff's State Constitutional claim cannot be granted and the claim must survive the motion to dismiss.

mentioned by the defendants at all, in 2006 a court in this District and another court from the

Middle District in 2007 declined to dismiss a direct claim for monetary damages that is brought

under the State's constitution where Jones was argued by the defendant. See, Aquino v. County

of Monroe, 2007 U.S. Dist. LEXIS 37872 and Jespersen, 2006 U.S. Dist. LEXIS 47974, 2006

WL 1997372, at *3 (E.D.Pa. Judge Schiller). Indeed, the Third Circuit has stated in dicta, "We

are of the view that a private right of action is available for cases of gender discrimination under

the Pennsylvania ERA." *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779, 789 (3d Cir.

1990). The Third Circuit has given some guidance to on this issue and said that "damages [] may

be available under the state ERA." *Id.*

> The Aquino court explained that,
>
> Defendants argue that Jones stands for the proposition that there
> can be no claim for damages for violation of a provision of the
> Pennsylvania Constitution. They cite a number of federal district
> court decisions issued before Jones that make such a blanket
> statement, at least where monetary relief can be sought under
> section 1983. E.g., Pollarine v. Boyer, No. Civ. A. 04-5312, 2005
> U.S. Dist. LEXIS 15425, 2005 WL 1806481, at *2 15425 (E.D. Pa.
> July 29, 2005) (dismissing state constitutional claims which sought
> money damages); Kaucher v. County of Bucks, No. Civ. A. 03-
> 1212, 2005 U.S. Dist. LEXIS 1679, 2005 WL 283628 at *11 (E.D.
> Pa. February 7, 2005) (stating that "it has been widely held that the
> Pennsylvania Constitution does not provide a direct right to
> damages"); Morris v. Dixon, No. Civ. A. 03-6819, 2005 U.S. Dist.
> LEXIS 7059, 2005 WL 950615, at *12 (E.D. Pa. April 20, 2005)
> (dismissing state constitutional claims which sought money
> damages). Cases post-dating Jones have similarly rejected claims
> for damages under the Pennsylvania Constitution in broad terms.
> E.g., K.S. v. Sch. Dist. of Phila., No. 05-4916, 2007 U.S. Dist.
> LEXIS 23557, 2007 WL 1009815, at *7 (E.D. Pa. March 28,
> 2007); Mazzeo v. Mittman, No. 05-CV-692, 2007 U.S. Dist.
> LEXIS 17450, 2007 WL 776862, at *3 (E.D. Pa. March 8, 2007).
>
> The analysis in Jones, however, suggests the possibility that a
> claim for damages for a violation of a provision of the
> Pennsylvania Constitution may indeed be recognized, at least
> where the state constitutional provision affords rights greater than

those existing under the federal constitution and no meaningful relief is otherwise available. Evidencing the unsettled and complex nature of this issue are decisions of a number of federal district courts to decline to exercise supplemental jurisdiction over claims similar to that presented here. E.g., Warren v. Twp. of Derry, Civ. Action No. 1:04-CV-2798, 2007 U.S. Dist. LEXIS 19537, 2007 WL 870115, at *12 (M.D. Pa. March 20, 2007); Mulgrew v. Fumo, No. 03-CV-5039, 2004 U.S. Dist. LEXIS 14654, 2004 WL 1699368, at *2 (E.D. Pa. July 29, 2004) ("Due to this unsettled issue of law, as to whether such a direct right of action exists [for money damages for violations of the state constitution], we believe a state court is better equipped to determine the causes of action that may be derived from the Pennsylvania Constitution.").

Defendants have not addressed the issue in the context of the analysis in Jones. For example, they have not shown that the rights afforded by the United States Constitution are coextensive with those provided by Article I, § 26 and/or § 28 of the Pennsylvania Constitution. Nor have they addressed the question of whether the state courts would hold either of these provisions to be "self-executing." In this regard, it is noteworthy that the majority in Jones pretermitted consideration of the "self-executing" constitutional provision approach embraced in Erdman because the parties had not raised the matter. 890 A.2d at 1209-10 n.35. Finally, although Defendants cite district court decisions that have declined to recognize a private cause of action for damages under PERA, e.g., Walsh v. Irvin Stern's Costumes, No. Civ. A. 05-2515, 2006 U.S. Dist. LEXIS 2120, 2006 WL 166509, at *7-8 (E.D. Pa. Jan. 19, 2006); there is countervailing authority. E.g., Jespersen v. H&R Block Mortg. Corp., Civ. A. No. 06-1212, 2006 U.S. Dist. LEXIS 47974, 2006 WL 1997372, at *2-3 (E.D. Pa. July 13, 2006); Benard v. Washington County, 465 F. Supp. 2d 461, 473 (W.D. Pa. 2006); Barrett v. Greater Hatboro Chamber of Commerce, Inc., No. Civ. A. 02-4421, 2005 U.S. Dist. LEXIS 18673, 2005 WL 2104319, at *4 (E.D. Pa. Aug. 19, 2005). Cases upholding a cause of action for monetary relief for an alleged violation of PERA have referenced the following dicta from Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779, 789 (3d Cir.1990): "We are of the view that a private right of action [for compensatory damages] is available for cases of gender discrimination under the Pennsylvania ERA."

Like Judge Schiller in Jespersen, 2006 U.S. Dist. LEXIS 47974, 2006 WL 1997372, at *3, I am reluctant to deny the existence of a cause of action for damages for a violation of PERA in light of our Court of Appeals' observation in Pfeiffer, even though it may only

be dicta. I am especially hesitant to resolve this weighty and important issue when the parties have not addressed the matter within either the analytical framework presented in Jones or the self-executing constitutional provision approach recognized in Erdman. It suffices to note at this point in the litigation that the existence vel non of a cause of action for damages for a violation of the provisions of the Pennsylvania Constitution at issue here is not definitively resolved under current case law. Furthermore, the fact that Plaintiff may nonetheless pursue claims for declaratory (and perhaps injunctive) relief militates against dismissal of Count II of the Complaint or declination of supplemental jurisdiction. See MFS, Inc. v. Twp. of S. Annville, Civ. A. No. 1:05-CV-1371, 2006 U.S. Dist. LEXIS 82406, 2006 WL 3254535, at *8 (M.D. Pa. Nov. 9, 2006). Accordingly, the motion to dismiss Count II of the Complaint will be denied.

Jones. at 17-12.[4]

If so, as it is, the Defendants have not met their burden to show that Plaintiff's direct claim under the Pennsylvania Constitution for monetary relief is not plausible and is precluded at law. Ergo, the Defendants' motion to dismiss must be denied.

<u>WRONGFUL TERMINATION</u>

The argument here is that a state action for wrongful termination may not be brought with a "concurrent" Section 1983 action. The defendants rely on "Bell" for authority to support the argument; however, <u>Bell</u> is not controlling authority at all.

---

[4] Finally, there is another possible solution if the Court does not wish to rely on <u>Jones</u> and that is to certify this case for appeal on the issue to the Pennsylvania Supreme Court. <u>See, e.g.,</u> <u>Ohio Casualty Insurance Co. v. Holcim</u>, 548 F.3d 1352 (11th Cir. 2008).

There is also the rather disturbing inconsistency that a private cause of action is allowed for violation of Section 1 of Article I of the Pennsylvania Constitution but not for other rights listed in the same Article which addresses the basic rights of people in the Commonwealth of Pennsylvania. <u>See, e.g.,</u> <u>Harley v. Schuylkill County</u>, 476 F.Supp. 191. 195-96 (E.D. Pa. 1979) (citing <u>Erdman v. Mitchell</u>, 56 A. 327 (Pa. 1903)). Indeed, it stands to reason that if there is a private cause of action allowed by the Pennsylvania Supreme Court for violation of one of the rights in Article I, there should be such a cause of action for all of the rights.

Bell is a Middle District case and one that came out last year. Bell too has not been cited or followed by any court in this District, the Western District and indeed another court in the Middle District. Indeed, no court at all was found by a Sherpards' search to have followed Bell. Thus, Bell is a rough decision and best left to apply solely on its facts. In any event, it appears to the Plaintiff that the Defendants either read Bell wrong or have over inflated its holding.

The Bell Court's reasoning to not allow the wrongful termination claim to proceed to trial had nothing to do with the fact a Section 1983 claim was also brought. The Bell Court did not allow the wrongful termination claim to proceed to trial because there a recognized public policy exception to the at-will doctrine was not shown by the Plaintiff. The Bell court said:

> The court finds that plaintiffs have not established a state law claim for wrongful discharge. The public policy exception to the at-will employment doctrine under Pennsylvania law is quite narrow and, as stated above, courts have been "disinclined to find a cause of action based solely upon constitutional protections." Dewees, 620 F. Supp. 2d at 639-40. [46] In their complaints, plaintiffs allege violations of their federal constitutional rights to speech and association. Plaintiffs, however, have a recognized cause of action for the purported violations of their federal constitutional rights: a § 1983 action.

It is worthy to note too that the Bell decision specifically raised Pennsylvania authority that is relevant here. When the Bell Court was discussing the wrongful termination claim (at page 117 and during the summary judgment stage of the case) the Court said:

> Pennsylvania courts have recognized a cause of action for wrongful discharge in cases where an employee is terminated for filing a worker's compensation claim, or unemployment compensation claim, see Shick v. Shirey, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998), Highhouse v. Avery Transportation, 443 Pa. Super. 120, 660 A.2d 1374 (Pa. Super. Ct. 1995), and where an employee was discharged for serving on a jury, see Reuther v. Fowler & Williams, Inc., 255 Pa. Super. 28, 386 A.2d 119 (Pa. Super. Ct. 1978).

13

Here, Plaintiff pled he was wrongfully discharged by the Borough for making the Workers Compensation claim and for reporting corruption to the district attorney and appearing in Court to testify. Thus, under the controlling authority cited in <u>Bell</u> the wrongful termination claim is proper and survives the Defendants' motion to dismiss, because there is an established public policy reason that prevented the termination, which was filing for the Workers Compensation benefits.  The Section 1983 First Amendment free speech activity is separate and apart from the Wrongful termination public policy claim.

Accordingly, Plaintiff respectfully submits the Defendants' motion to dismiss the wrongful termination claim must be denied.

FIRST AMENDMENT COUNTS I, II, & III, IV.

The Defendants next argue that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and that his right to free speech under the First Amendment was violated. For the following reasons the Plaintiff asserts that the Defendants' argument is simply wrong and is not supported by the facts or law. Plaintiff asserts that it was his whistleblowing activity and the subsequent cooperation by appearing in court to testify for outside law enforcement to prosecute police misconduct / corruption that is a substantial factor in his termination. <u>Gorum v. Sessoms</u>, 561 F.3d 179, 184 (3rd Cir. 2009). Ergo, there is a free speech claim under the First Amendment.

Further, the Defendants argue for dismissal of the First Amendment claim is premature. More importantly, however, the argument's basis is precluded by the motion standard for the very court rule the Defendants move under, viz Rule 12(b)(6).  Here, the standard is to view only the complaint facts and treat them as admitted true by the defendants. The Defendants must show the facts pled and reasonable inference which can be drawn from the facts cannot provide a "plausible" basis for a First Amendment claim and claim or relief can be granted even with

14

discovery.  The Defendants do not even argue discovery would not develop facts to allow the claim. However the Defendants do impermissibly attempt to insert a fact that is not in the Complaint; a fact that will require discovery to resolve, viz "the scope of the Plaintiff's job duty." A motion to dismiss is not a short cut to a motion for summary judgment. Whether speech is in or outside employment is a fact issue and one where discovery must be taken to resolve. At this juncture, at best, the scope of Plaintiff's employment is a disputed fact and procedurally discovery must be allowed to be pursued by the Plaintiff on this issue. Since discovery is required the Defendants motion must be denied

More problematic than a failure to argue that discovery would not provide facts to allow the claim is that the Defendants present a wholly improper argument that it was Plaintiff's duty to make the report to the District Attorney. The Defendant's factual contention about Plaintiff's duty is not in the complaint, so the Defendants impermissible introduce an alleged fact for the Court to view, which action it is contrary to the standard the Court is to apply when deciding the Defendant's motion, viz only the facts in the complaint are viewed by the Defendants who must challenge the facts only that appear in the complaint.  Ergo, the fact the Defendants wish to introduce, which is incorrect and disputed by the Plaintiff, may not be considered and must be rejected by the Court. [5]

If so, the Defendants' motion must be denied.

Further, it is the Defendants' burden under a motion to dismiss, in order to prevail at the pleading stage, to show that even with discovery there can be no plausible First Amendment claim to pursue. Here the scope of Plaintiff's employment is not established and it cannot be by argument made in a motion. Thus, before the Court can decide the Free Speech claim and

_____

[5] Formally here and to preserve the issue the Plaintiff objects to the defendants presentment of facts in a motion to dismiss.

whether the Plaintiff's speech is within the scope of the Plaintiff job duties, discovery is needed. Therefore, the Defendants have failed to meet their burden for their 12(b)(6) motion and show that even with discovery a plausible First Amendment claim cannot exists. Accordingly, the Defendants' motion to dismiss must be denied.

Furthermore, Plaintiff complaint is sufficient to meet the controlling test for protected free speech activity, even under Garcetti, which case set the current analysis used with Connick for determining whether a public employee's statement is protected activity under the First Amendment. A public employee Free Speech claim has three elements: 1) whether the employee spoke as a citizen, 2) whether the statement was a matter of public concern, and 3) the government  employer did not have an adequate justification for treating the employee different from any other member of the general public as a result of the statement. Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 1958, 164 L.Ed.2d 689 (2006).

The defendants do not assert a challenge to parts 2 and 3. Plaintiff nevertheless has met the three requirements of this test and his First Amendment - Free Speech claim should be allowed to proceed.

A)  First Element of the Garcetti Test

As to the first element of the test, whether the employee spoke as a citizen, according to Garcetti, a public employee does not speak as a citizen when he speaks pursuant to his official duties. See Garcetti, 126 S.Ct. at 1960 (stating that "We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.") The Supreme Court reasoned that public employee's speech, like many rights, was not absolute and is subject to a balance test. The  balancing here is of interests for the

employer to supervise and provide services, and the employee to speak on matters of public concern  without fear of being retaliated against by the employer.

If so, an employer must not only show the speech was part of the official job duties but also <u>on balance</u> discipline was needed to allow the employer to fulfill its duty to the public and to maintain some form of lawful supervision over the employee.

Here, the public employer and defendants' have not shown they had any reason to terminate the plaintiff or that his speech prevented the Borough from performing its public duties and/or providing services to the public. There can be no legitimate governmental interest for a public employee, and none has been presented by the defendant, to show a legitimate governmental interest in terminating a police chief for cooperating with a District Attorney's prosecution or to allow a corrupt police officer to remain employed.

If so, the defendants have failed to show a plausible free speech claim does not exist or was not pled by the Plaintiff. Accordingly, the Defendants' motion to dismiss must be denied.

 B. Second Element of the Garcetti Test

As to the second element for a public employee free speech claim, according to <u>Garcetti</u>, Plaintiff's speech must be on a matter of public concern to be protected by the First Amendment. It is indisputable that matters of public concern, to be protected by the First Amendment, are matters that are fairly considered as relating to any matter of political, social or other concern to the community or include actual or potential governmental wrong doing or breach of the public trust, which seeming even the Defendants acknowledge in their Memorandum by not challenging this element for a free speech claim. See <u>Connick v. Myers</u>, 461 U.S. 138, 146 (1983) and <u>Baldassare v. State of New Jersey</u>, 250 F.3d 192, 195 (3rd Cir. 2001).

Plaintiff's Complaint alleged speech and conduct involving governmental misconduct, such as to have false police reports prepared and used to prosecute persons who were arrested but under constitutional mandate are to be viewed as innocent until proven guilty beyond a reasonable doubt. The Reports on their face must be truthful but here they were false as were the facts, which falsity greatly impinged on the person's right to be viewed innocent; they did imping because the reports are first viewed by prosecutors to present the charge and to determine whether the case is worthy of prosecution or dismissal.  False facts in a report would also hinder the defense attorney's or pro se defendant's ability to prepare and present defenses.  Rightfully, there is no attempt by the Defendants to argue that Plaintiff's speech was not of public concern or that it does not meet the Connick v. Myers, 461 U.S. 138, 147 (1983), test. Had they though, it is submitted the second element is met.

C.  Third Element of the Garcetti Test

As to the third element, according to Garcetti, that the employer had an adequate justification for treating the employee differently, the Defendants do not even address this element, as they did not the second prong of the test.  Accordingly, any argument concerning it is waived by the Defendants. Regardless, it is obvious that the Defendants treated Plaintiff differently - they engaged in improper and illegal behavior that resulted in the termination of his employment; therefore, at this juncture the third element is met.

D. The Issue of Discipline Under Garcetti

Finally, it must be acknowledged that in Garcetti, the United States Supreme Court specifically stated that a public employer must have the ability to evaluate public employees and take corrective disciplinary action, as such on balance is necessary to allow the public employer to provide it services to the public. Garcetti, 126 S.Ct. at 160-61. It is apparent from reading

Garcetti, that Ceballos' complaint was not sustained by his superiors and that they disagreed with his whistleblowing, thus providing at least an arguable basis for the imposition of discipline by them. The circumstances in the instant matter are diametrically opposed to the circumstances in Garcetti. In the instant matter there is no justification for termination and the Complaint shows the termination was substantially because of Plaintiff's whistleblowing and court appearance activity.

Thus, given the fact that Plaintiff has sustained his burden under the three elements of the Garcetti test and that the Garcetti ruling was based upon an unsuccessful whistleblowing complaint by Ceballos; whereas Plaintiff's whistleblowing complaint was successful and lead to the prosecution by the high-test law enforcement officer in Chester County, the Plaintiff submits it would be improper and inconsistent with Garcetti to dismiss the First Amendment - Free Speech claim.

Accordingly, the Plaintiff respectfully submits the Defendants' motion to dismiss the Free Speech claim (Count I, II, & III, IV.) must be denied.

### MUNICIPAL (MONELL) LIABILITY. COUNT VI

The simple argument by the Defendants for dismissal of the Monell claim is that the defendants wish a specific custom, practice or policy stated. Again the Defendants are wrong.

The Complaint shows a custom, practice or policy to retaliate (here terminate an employee) for First Amendment speech and "speech conduct" (activity). The speech and conduct that is protected by the First Amendment was the Plaintiff's report to the district attorney of police misconduct; the appearance in court in compliance with a government issued subpoena, and then appearing in court to testify in the state initiated prosecution on the police misconduct. The persons doing the termination, and "by vote," are the defendants who are the highest policy

makers for the municipality, Malvern Borough. Their action was taken with knowledge of the Plaintiff's speech and speech conduct and they are the highest policy making entities for the municipality so their action is official policy for the municipality. The vote is short created at the very least an official custom, which custom and policy give rise to Monell liability. See, Iverson v. City of Philadelphia, 213 Fed. Appx. 115; 2007 U.S. App. LEXIS 835 (3d. Cir 2007). "We have recognized that 'an unconstitutional policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business.' " Brennan v. Norton, 350 F.3d 399, 428 (3d Cir. 2003) (quoting City of St. Louis v. Praprotnik, 485 U.S.112, 123, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)); see also Pembaur, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452.

[6]If so, because the individual defendants' are the entire Borough Council and the highest official policy makers for Malvern Borough, there is stated a Monell claim. Ergo, the Defendants' motion to dismiss fails and must be denied.

<u>CONSPIRACY FEDERAL AND STATE LAW CLAIMS COUNT V AND XII</u>

Finally, the defendants argue to dismiss the civil conspiracy and section 1985 claim because the Complaint merely asserts the defendant voted together to terminate the Plaintiff. The defendants again are wrong.

First, it is common knowledge that a municipal vote to terminate an employee is done publically. However, before the vote the common activity too involves an executive session being held before the public vote. This fact too can be reasonably inferred by the Court. In the executive session there is discussion between all voting municipal officials (here the defendants)

---

[6] It is axiomatic that a motion to dismiss is not a substitute for or to be used as the discovery or the fact collecting process, which is apparently what the defendants seek to do with the motion to dismiss. Discovery will reveal the specifics that the defendants wish.

and even with managers and legal counsel. The municipal officers exit the session and publically

voted, which is the process that was done here; the vote was unanimous to terminate. Plaintiff

cannot plead facts that he does not known and he was not invited by the Defendants to attend the

executive session.  Discovery is likely to produce the very facts the Defendants demand be pled

but know cannot be pled under Rule 11. The Defendants seemingly do not dispute such.

Accordingly, it is submitted a conspiracy to deprive civil rights and a civil conspiracy

claim are sufficiently pled. The facts as plead are sufficient to show who was involved in the

conspiracy, when they acted and what each did. These facts allow the claim to proceed to

discovery where the individual action by each defendant (and their knowledge) can actually be

obtained. Plaintiff submits that the claim should be allowed to remain so discovery may be done

on it to determine if the claim may proceed to trial and it is determined who actually put the

termination in motion, why, and who took action furtherance of the reason for termination

because of the workers compensation claim and/or free speech activity.


Date: January 15, 2013
      ECF SIGNATURE BMP3198     /s/
             *Brian M. Puricelli*
             Brian M. Puricelli
             Attorneys for Plaintiff

Law Offices of Brian Puricelli
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115
puricellib@gmail.com

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document has this 15th day of  January , 2013, been filed electronically and is available for viewing and downloading on the ECF System: Served with the document by ECF were:

Andrew J. Bellwiar, Esquire
Michael E. Truncellito, Esquire
Counsel for the Defendants

ECF SIGNATURE     BMP3198                     /s/
                                *Brian M. Puricelli*
                                Brian M. Puricelli
                                Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MCMAHON,

                                    CIVIL ACTION

        v.

                                    NO. 12-6334

GERARD MCGLONE, et al.

ORDER

        AND NOW, this            day of                 , 2013, upon consideration of the

opposition to the Defendants' Motion to Dismiss, IT IS ORDERED that the Defendants' Motion

to Dismiss is DENIED.

                                    BY THE COURT:

                                    _____
                                                    J.